**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

DESIREE MOHAWK,

Plaintiff

v.

KEY MOTORS OF RENO, LLC, et al.,

Defendants.

Case No. 3:24-CV-00193-ART-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

[ECF No. 6]

This matter is before the Court on Plaintiff Desiree Mohawk's application to proceed *in forma pauperis* ("IFP application") (ECF No. 6).

**I.      DISCUSSION**

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, she must demonstrate that because of her poverty she cannot pay those costs and still provide herself with the necessities of life. *See Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis. See, e.g.,*

---

[1]      This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1    *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not

2    abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed

3    to verify his poverty adequately"). If the court determines that an individual's allegation of

4    poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

5        Plaintiff indicates that she has an average monthly income of $4,490 in wages from

6    her employment with "Plumas County IHSS". Plaintiff also indicates that she has $700 in

7    a checking account. Finally, her listed expenses total $4,427.00, which includes $920 on

8    food, $450 on transportation (not including motor vehicle payments, which total $308),

9    $249 as "Other" expenses (i.e., school supplies and books), $155 on clothing/laundry,

10    and $50 on entertainment. Plaintiff notes that she has already spent $320 on attorney

11    fees in conjunction with this lawsuit. Finally, Plaintiff states that she owns a Jeep

12    Cherokee that is worth between $17,500 and $20,500 and she owes $12,000 on a loan

13    for the vehicle. While there is no formula set forth by statute, regulation, or case law to

14    determine when someone is poor enough to earn IFP status, the Court finds that in this

15    case, Plaintiff's IFP application is insufficient as it does not show that she cannot pay the

16    court costs and still afford the necessities of life. *See Escobedo*, 787 F.3d at 1234-35.

17        As a result, the Court finds that Plaintiff does not qualify for *in forma pauperis*

18    status. Therefore, the Court will recommend that her application be denied. The Court will

19    retain Plaintiff's complaint (ECF No. 1-1), but it will not expend resources to screen it at

20    this time given its recommendation that she pay the filing fee.

21    **II.**      **CONCLUSION**

22        Based on the foregoing and good cause appearing, the Court recommends that

23    Plaintiff's IFP application (ECF No. 6) be denied.

24        The parties are advised:

25        1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

26    Practice, the parties may file specific written objections to this Report and

27    Recommendation within fourteen days of receipt. These objections should be entitled

28    "Objections to Magistrate Judge's Report and Recommendation" and should be

1    accompanied by points and authorities for consideration by the District Court.

2         2.    This Report and Recommendation is not an appealable order and any

3    notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the

4    District Court's judgment.

5    **III.    RECOMMENDATION**

6         Based on the foregoing and good cause appearing, **IT IS THEREFORE**

7    **RECOMMENDED** that Plaintiff's IFP application (ECF No. 6) be **DENIED**.

8         **IT IS FURTHER RECOMMENDED** that Plaintiff pay the full $405 filing fee for a

9    civil action, which includes the $350 filing fee and $55 administrative fee, to proceed in

10   this action within thirty days of the Court's order on this Report and Recommendation.

11   **DATED**: ___May 6, 2024_____

12

13   _____
     **UNITED STATES MAGISTRATE JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3